

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3462
Re: Interpretation of Article
827, Vernon's Penal Code
of Texas

We acknowledge receipt of your letter of July 7, 1941, in which you request the opinion of this department upon the question of whether or not national defense trainees who are attending the Fort Worth Technical High School would be entitled to buy bus tickets form the Fort Worth Transit Company at the same price for which they may be purchased by regular students of the Fort Worth Public School.

The question presented is governed by Section 2 of Article 827, Vernon's penal Code of Texas, which makes the following requirements:

"To sell or provide for the sale of tickets in lots of 20, each good for one trip over the lines owned or operated by such person or corporation, for ½ the regular fare collected for the transportation of adults, to students in actual attendance upon any academic, public or private school of grades not higher than the grades of the public high schools situated within, or adjacent to the town or city in which such railway is located. Such tickets are required to be sold only upon the presentation by the student desiring to purchase them of the written certificates of the principal of the school which he attends showing that such student is in regular attendance upon such school and is within the grades herein provided. Such tickets are not required to be sold to such students and shall not be used except during the month when such schools are in actual session and such students shall be transported at half fare only when they present such ticket."

We do not believe that the Legislature intended to include in this section any student other than regular students of grade or high schools of customary school age. If any doubt as to this construction exists under the section above quoted, refer-

ence to the caption and emergancy clause of Chapter 343, para. 1, Acts 1931, 42nd Legislature, reveals clearly the restricted nature of the Act. The caption of this Act states that it is to require street railways and motor buses in cities of 20,000 inhabitants and over "to carry all school children for ½ fare regularly collected for transportation of adults. The emergency clause states that an emergency exists by reason of the fact that students in public schools above the age of 17 years were at the time of passage of the Act denied the privilege of transportation for half fare.

We do not believe that the use of the Fort Worth Technical High School Building by the national emergency defense training program operates to classify defense trainees as school children. Such trainees are taking specialized courses prescribed by the emergency defense training program and are not regular high school students in attendance upon a public or private school of the State of Texas. It is the opinion of this department that the Fort Worth Transit Company cannot be required to sell bus tickets to adult students of the National emergency defense training program at less than the regular adult fare.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ross Carlton
Assistant

APPROVED JUL. 26, 1941

GROVER SELLERS

FIRST ASSISTANT
ATTORNEY GENERAL

RC:db

This opinion considered and approved in limited conference.